UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JANET R.[1],                                         Case No. 1:19-cv-923
      Plaintiff,                                 Litkovitz, M.J.

vs.

COMMISSIONER OF                         **ORDER**
SOCIAL SECURITY,
      Defendant.

      This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc. 23) and the Commissioner's response stating the Commissioner does not oppose plaintiff's request for attorney fees (Doc. 24).

      Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

      In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Id.* at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.  The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808.  *See also Rodriquez*, 865 F.2d at 746.  Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case.  *Hayes v. Sec'y of H.H.S.*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746.  An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research.  *Rodriquez*, 865 F.2d at 747.

An award of fees under Section 406(b) is not improper merely because it results in an above-average hourly rate.  *Royzer v. Sec'y of H.H.S.*, 900 F.2d 981, 981-82 (6th Cir. 1990).  As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee].  In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast.

*Id*.  "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422.  *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $8,380.38 requested by plaintiff falls within the 25 percent boundary.[2] Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff has submitted an itemized billing record demonstrating that his attorney performed a total of 24.55 hours of work on the case in the District Court between October 2019 and February 2021. (Doc. 23 at PAGEID 2672-74). Plaintiff has also submitted a copy of the October 2019 contingency fee agreement he entered into with counsel under which he agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (*See id.* at PAGEID 2671).

Dividing the $8,380.38 requested by the 24.55 hours counsel worked on this case before the Court produces a hypothetical hourly rate of $341.36. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of

---

[2] The fee requested represents the total amount withheld by the Social Security Administration (SSA) ($14,126.88) reduced by the amount withheld for administrative-level work ($5,746.50). (*See* Doc. 23 at PAGEID 2659 & n.1 and 2664 (SSA award letter)). The SSA had already paid $253.50 to plaintiff's attorney under a $6,000.00 capped contingency fee agreement for administrative-level work. (*See id.*). Plaintiff and her counsel entered into a new contingency fee agreement on October 28, 2019, upon deciding to pursue a federal court appeal. (*See id.* at PAGEID 2671).

3

>  *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of
>  the fee.

*Id*.

In an affidavit detailing his expertise and years in practice, plaintiff's counsel states that his normal hourly rate is $350.00. (Doc. 23 at PAGEID 2675-76). This falls within the range of standard hourly rates of attorneys with comparable experience, as reflected in the 2019 Ohio State Bar Association publication attached to plaintiff's motion. (*See id.* at PAGEID 2720-21). The foregoing demonstrates that the hypothetical hourly rate requested ($341.36) is well below twice the standard market rate, and plaintiff's counsel's fee is therefore *per se* reasonable. *See Hayes*, 923 F.2d at 422.

Having reviewed plaintiff's § 406(b) fee request in light of these considerations, the Court finds that a fee of $8,380.38 is reasonable for the work plaintiff's counsel performed in federal court. Plaintiff's counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of EAJA (Equal Access to Justice Act) fees in the amount of $4,625.00 (*see* Doc. 22), as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 & n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client). (Doc. 23 at PAGEID 2662).

The Court therefore **ORDERS** that plaintiff's § 406(b) motion for attorney fees (Doc. 23) is **GRANTED** and plaintiff's counsel is **AWARDED** attorney fees in the amount of **$8,380.38**. Plaintiff's counsel is further **ORDERED** to remit $4,625.00 of this sum directly to plaintiff upon

receipt.

Date: 3/14/2022

Karen L. Litkovitz
United States Magistrate Judge